## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEGGY S. WALDON,<br>JAMES CHARLES WALDON, and<br>MARILYN SMITH,<br><br>                Plaintiffs,<br><br>v.<br><br>GRANT DAVIS,<br><br>                Defendant. | CASE NUMBER<br><br><br>11-CV-4060-RDR-KGS |

### DESIGNATION OF PLACE OF TRIAL

The designated place of trial is Topeka, Kansas.

### COMPLAINT

**COME NOW** Plaintiffs, **Peggy S. Waldon, James Charles Waldon, and Marilyn Smith,** and for their causes of action against Defendant **Grant Davis** allege and state as follows:

### I.      PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peggy S. Waldon is a resident of the State of Missouri and the daughter of Ida Waldon.

2. Plaintiff James Charles Waldon is a resident of the State of California and the son of Ida Waldon.

3. Plaintiff Marilyn Smith is a resident of the State of Arkansas and the daughter of Ida Waldon.

4. Defendant Grant Davis is a resident of Kansas, living in Johnson County, Kansas, and may be served with process at his residence, 8833 Ensley Court, Leawood, KS 66206.

1

5.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and venue is proper in this Court pursuant to 28 U.S.C. Section §1391(a).

## II.    FACTUAL ALLEGATIONS

7.  Ida Waldon was injured by the knowing, reckless, and negligent conduct of Eli Lilly and Bristol-Myers Squibb that enabled pharmacist Robert Courtney to dilute the drugs Ida Waldon needed to treat her cancer. Ida Waldon died July 2, 2001.

8.  Plaintiffs are the surviving children of Ida Waldon.

9.  Plaintiffs hired Defendant as their lawyer to investigate Ida Waldon's injuries and to advise them concerning their rights.

10. Defendant advised Plaintiffs that Eli Lilly and Bristol-Myers Squibb had caused Ida Waldon's injuries, that her death had been caused by Eli Lilly and Bristol-Myers Squibb, and advised Plaintiffs they should bring an action making those claims against Eli Lilly and Bristol-Myers Squibb.

11. Plaintiffs accepted Defendant's advice and authorized Defendant to represent them in filing an action against Eli Lilly and Bristol Myers Squib.

12. As Plaintiffs' lawyer, Defendant had a duty to Plaintiffs to at all times be truthful; to fully, fairly and adequately advise them of their legal rights; to fully and thoroughly investigate and evaluate their claims; to fully and competently represent them in the litigation he initiated on their behalf; and to fully and truthfully advise them of their rights concerning offers of settlement and decisions relating to settlement of their claims.

13. Defendant filed suit on behalf of Plaintiffs against Eli Lilly and Bristol-Myers Squibb and agreed to competently prosecute that suit diligently and faithfully.

14. At the same time, Defendant represented approximately 80 other persons and families with similar claims against Eli Lilly and Bristol-Myers Squibb, which multiple representations created the possibility of numerous material conflicts of interest which Defendant was obligated to fully disclose to Plaintiffs and which Defendant failed to do.

15. Defendant was a member of the Plaintiffs Steering Committee spearheading the discovery efforts with respect to Eli Lilly and Bristol-Myers Squibb on behalf of all of the some three hundred and forty-seven (347) other persons and families who had filed lawsuits against the drug companies, including hundreds of claimants represented by other attorneys.

16. On behalf of all of the claimants, Defendant made aggregate settlement demands of the drug companies without advising any of his clients, including Plaintiffs. The representation of these further persons further created numerous material conflicts of interest which Defendant was obligated to fully disclose to Plaintiffs and which Defendant failed to do.

17. One of Davis' other clients, Georgia Hayes, was selected to go to trial first among all of the cases.

18. During jury selection, on October 6, 2002, Davis settled the Hayes case as part of an inventory settlement in which all of the cases against Eli Lilly and Bristol-Myers Squibb were settled for a single joint settlement fund that was to be divided among all claimants. The Global Settlement included all cases that were then pending and also included all cases that might in the future be filed against Eli Lilly and Bristol-Myers Squibb.

19. Georgia Hayes received many multiples of the amounts allocated to any other claimant, including Plaintiffs' decedent, from the Global Settlement.

20. The Global Settlement was a lump sum aggregate settlement agreement that, as designed, violated the aggregate settlement disciplinary rules of both Missouri and Kansas. MRPC Rule 1.8(g); KRPC Rule 1.8(g).

21. Pursuant to the Global Settlement agreement Defendant advised his clients including Plaintiffs that he strongly recommended that the agreement was in the best interest of each person or family to settle their claims against the drug companies for an unknown and undetermined part of a lump sum aggregate settlement.

22. Plaintiffs did not know the existence or identity of the other participants, the nature of the claims of the other participants against whom they would be competing, or the actual amounts eventually received by each person who participated in the global settlement as prescribed by the Missouri and Kansas aggregate settlement rules. This agreement is described by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. 477, 204 P.3d 617 (Kan. 2009), *cert. denied*, 130 S.Ct. 507 (U.S. 2009).

23. Ultimately, Defendant and the other plaintiff's attorneys convinced their then extant 347 clients to participate in the aggregate settlement,

24. Defendant, and other plaintiffs' attorneys, thereafter persuaded an additional eighty-four (84) clients to participate in the residual fund for future claims that was a part of the Global Settlement.

25. The Global Settlement agreement created numerous serious conflicts of interest between Defendant and each of his clients, and the other people for whom he negotiated the

4

aggregate settlement. Defendant had a strong interest to persuade each of his clients to participate in the Global Settlement so that he could obtain his aggregate fee.

26. The Global Settlement also created numerous serious conflicts of interest among all of Defendant's clients and with participants represented by other lawyers. The Global Settlement made all of Defendant's clients, including Plaintiff, and the other participants, competitors for their respective shares of the lump sum to be divided. Defendant had a legal and ethical duty to inform Plaintiffs of this conflict, but failed to do so.

27. Pursuant to the Global Settlement agreement Defendant had made with Eli Lilly and Bristol Myers-Squibb Defendant advised Plaintiffs they should participate.

28. By advising Plaintiffs to participate in the Global Settlement Defendant was assured he would receive an aggregate attorney's fee that was many times greater than the amount received by any of his clients.

29. It was in Defendant's personal financial interest to advise Plaintiffs and his other clients to participate in the Global Settlement. Defendant had a legal and ethical duty to inform Plaintiffs of this conflict, but failed to do so.

30. When Defendant persuaded Plaintiffs to participate in the Global Settlement, he concealed material facts from them, lied to them, coerced them, and breached his fiduciary duties.

31. Defendant failed to adequately advise Plaintiffs of their legal rights; failed to fully investigate Plaintiffs claims; failed to provide Plaintiffs with adequate representation of their individual interests; failed to disclose actual and potential conflicts of interests; failed to fully and truthfully advise Plaintiffs of their rights relating to offers of settlement; and failed to prosecute their claims to trial. All such failures were violations

5

of the standards of professional practice and care which are imposed upon Defendant as a licensed and practicing lawyer.

32. Defendant continued to represent Plaintiffs after he knew he had conflicting interests without obtaining Plaintiffs' informed consent to the continued conflicted representation or any valid waiver of the conflict.

33. Defendant induced Plaintiffs to sign a Disclosure of Global Settlement and a Release and Settlement Agreement which released himself, his law firm, and both Eli Lilly and Bristol-Myers Squibb, while deceiving Plaintiffs and concealing material facts from Plaintiffs.

34. Defendant also induced Plaintiffs to sign agreements with Eli Lilly and Bristol-Myers Squibb, including a Confidentiality Non-Disclosure Agreement, that were designed to keep the conduct of the drug companies and the facts of the settlement secret and confidential, and which were designed to shield both Defendant and the drug companies from scrutiny of the manner in which these cases were settled.

35. Plaintiffs' signatures to these documents were obtained by breach of fiduciary duty, negligence, fraud, and coercion.

36. Defendant damaged Plaintiffs by taking an attorney's fee he did not earn during the course of his representation of them.

37. Defendant damaged Plaintiffs by settling Plaintiff's damage claims against Eli Lilly and Bristol-Myers Squibb for less than they were worth.

38. Because Defendant advised Plaintiffs that their claims against Eli Lilly and Bristol-Myers Squibb had merit, which advice was relied upon by Plaintiffs, and because Defendant

took attorney's fees from Plaintiffs to settle those claims, Defendant is estopped from denying the merit of Plaintiffs' claims against Eli Lilly and Bristol-Myers Squibb.

39. Defendant was Plaintiffs' only lawyer and Plaintiffs had no way of knowing their legal rights other than through the advice of Defendant. Throughout the representation, Defendant knew Plaintiffs were relying solely upon his professional knowledge and advice. As such, a fiduciary relationship existed between Plaintiffs and Defendant that imposed upon Defendant both a duty to speak and a duty to fully inform Plaintiffs of their rights.

40. Because of this fiduciary relationship, Defendant had a duty to fully inform Plaintiffs of the facts and knowledge required by MRPC 1.8(g), and by KRPC 1.8(g), prior to asking Plaintiffs to waive conflicts of interests caused by the Global Settlement and prior to advising them to sign the Disclosure of Global Settlement document, the Confidentiality Non-Disclosure Agreement, and the Settlement and Release Agreement with Eli Lilly and Bristol-Myers Squibb.

41. The failure of Defendant to properly and adequately represent the interests of Plaintiffs was the direct and proximate cause of Plaintiffs' injuries, deprived them of the full settlement value of their case in 2002/2003, delayed their achieving a timely remedy for their claims, and thereby damaged the value of their claims against Eli Lilly and Bristol-Myers Squibb.

42. Because of the fiduciary relationship with Plaintiffs, Defendant had and has a duty to inform Plaintiffs that Defendant breached his fiduciary duty to Plaintiffs and a duty to inform Plaintiffs that they have claims or potential claims against him, which duties continue to this day and which duties Defendant has continued to violate.

43. Since inducing Plaintiffs to sign the Disclosure of Global Settlement Agreement, the Confidentiality/Non-Disclosure Agreement, and the Release and Settlement Agreement, Defendant has never informed Plaintiffs of his breaches of fiduciary duty; nor has he ever informed Plaintiffs that they have claims against him; nor has Defendant informed Plaintiffs of the decision by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C., supra.*

44. Jointly with Eli Lilly and Bristol-Myers Squibb, Defendant sought and obtained an order from the Johnson County District Court which was calculated to conceal Plaintiff's claims from Plaintiffs, and to prevent Plaintiffs from learning of his misconduct. The order of the Johnson County District Court remained in effect until December, 2009. Defendant should be equitably estopped from asserting the statute of limitations ran during the time his conduct actively concealed Plaintiffs' claims from them.

45. Plaintiffs first became aware of Defendant's misconduct, and of the claims asserted herein, on May 25, 2011 when they were informed of the decision by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C., supra.*

46. Limitations do not bar any causes of action herein. But to the extent that Defendant may so allege, Plaintiffs' lack of actual knowledge of Defendant's breaches of fiduciary duty, fraud, willful and malicious conduct, and all of their causes of action against him tolled accrual until May 25, 2011.

47. Furthermore, the discovery rule applies to toll accrual of Plaintiffs' causes of action because Plaintiffs did not discover, and should not have discovered in the exercise of reasonable care and diligence, the facts establishing the elements of Plaintiffs' causes of action alleged herein against Defendant, until such a time so that no applicable statute of

limitations now prohibits the bringing of this action against Defendant. The fact of injury was not reasonably ascertainable until Plaintiffs actually learned that the Global Settlement Agreement was an illegal aggregate settlement.

48. Finally, the doctrine of equitable estoppel should bar Defendant from raising any limitations defense. Defendant's inequitable conduct, his failure to advise Plaintiffs of the conflicts of interest, the secrecy surrounding the aggregate settlement, and failure to disclose violations of Rule 1.8(g) should prohibit Defendant from asserting limitations.

### III.   CLAIMS FOR RELIEF

49. Defendant's conduct deviated from the standard of care and was negligent.

50. Defendant breached his fiduciary duties to Plaintiffs.

51. Defendant's conduct was deceptive, deceitful, and fraudulent.

52. Defendant's conduct was willful, knowing, and malicious.

### VI.   DAMAGES AND REMEDIES

53. Defendant should be ordered to disgorge and return all attorneys fees he took from Plaintiffs' settlement funds, an amount in excess of $75,000.00.

54. Plaintiffs should have a judgment against Defendant for the loss in the value of their claims, and the loss of the settlement value of their claims against Eli Lilly and Bristol-Myers Squibb which amount is in excess of $75,000.00.

55. Plaintiffs should have a sufficient award of punitive damages against Defendant to punish him and to deter him and others who are similarly situated from engaging in such conduct in the future.

**WHEREFORE,** Plaintiffs prays for judgment against Defendant for the return of the fees they paid and for a sum of money to compensate Plaintiffs for the loss of the value of her

9

claims against Eli Lilly and Bristol-Myers Squibb for the loss of the settlement value of their claims, along with pre-judgment interest, punitive damages, and such further relief to which Plaintiffs are entitled at law and in equity.

Respectfully submitted,

**SKEPNEK LAW FIRM, P.A.**

By:    /s/  William J. Skepnek
William J. Skepnek #10149
P.O. Box 2226
1 Westwood Road
Lawrence, Kansas 66044-2226
Telephone (785) 856-3100
Telecopier (785) 856-3099
e-mail: bskepnek@skepneklaw.com

Corlin J. Pratt, #12213
Terry L. Unruh, #10084
Sherwood, Harper, Dakan,
Unruh & Pratt, LC
833 N. Waco, Suite 100
P.O. Box 830
Wichita, Kansas  67201
Telephone: (316) 267-1281
Facsimile:  (316) 267-4086
E-mail: corlin.pratt@sherwoodharper.com
E-mail: terry.unruh@sherwoodharper.com

Steven M. Smoot
State Bar of Texas No. 189774300
SMOOT LAW FIRM, P.C.
8303 Southwest Freeway, Suite 718
Houston, Texas 77074
Telephone (713) 655-1441
Telecopier (713) 655-1447
e-mail: ssmoot@smootlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

COME NOW, Plaintiffs, and all of them, and herein demand a trial by jury on all issues so triable.

**SKEPNEK LAW FIRM, P.A.**

By:    /s/  William J. Skepnek
William J. Skepnek #10149
P.O. Box 2226
1 Westwood Road
Lawrence, Kansas 66044-2226
Telephone (785) 856-3100
Telecopier (785) 856-3099
e-mail: bskepnek@skepneklaw.com
**ATTORNEYS FOR PLAINTIFFS**

11