IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
SCOTT BOOTH, KATIE M. BOOTH,
COLTEN S. BOOTH, BRIAN C. BOOTH,

              Plaintiffs,

    v.                                  Case No. 10-4010-RDR

GRANT DAVIS,

              Defendant.
-------------------------------------------------------------------

KIMBERLY CARRELL,

              Plaintiff,

    v.                                  Case No. 10-4124-RDR

GRANT DAVIS,

              Defendant.
-------------------------------------------------------------------

VIRGIL WILLE,

              Plaintiff,
    v.                                  Case No. 11-4121-RDR

GRANT DAVIS,
              Defendant.

-------------------------------------------------------------------

PRUDENCE KIRKEGAARD,

              Plaintiff,
    v.                                  Case No. 10-4125-RDR

GRANT DAVIS,
              Defendant.

-------------------------------------------------------------------
```

```
RONALD M. BOEHMER, RONDA CARRANZA,

                    Plaintiffs,

     v.                                    Case No. 11-4059-RDR

GRANT DAVIS,
                    Defendant.

PEGGY S. WALDON, JAMES C. WALDON,
MARILYN SMITH,

                    Plaintiffs,

     v.                                    Case No. 11-4060-RDR

GRANT DAVIS,
                    Defendant.

-----------------------------------------------------------------

DOROTHY SCHMITZ, JILL SCHMITZ-NOBLE,
BILL SCHMITZ, LADONNA OLIPHANT,
NEELEY SCHMITZ, DAVID SCHMITZ,

                    Plaintiffs,

     v.                                    Case No. 10-4011-RDR

GRANT DAVIS
                    Defendant.
```

## MEMORANDUM AND ORDER

These cases are before the court upon a motion titled: "Plaintiffs' Motion for Determination of Method for Proof of Damage Causation." Defendant in these cases is an attorney. Plaintiffs allege that defendant committed negligence, fraud and breach of fiduciary duty while he was representing plaintiffs during the settlement of cases brought against drug companies

2

that were sued for negligence involving the dilution of chemotherapy drugs by a pharmacist named Robert Courtney. It was alleged that the drug companies had knowledge of Courtney's dilution activity. The court shall treat the motion as seeking a ruling that there is no requirement under Missouri law that plaintiffs try the issues of their underlying claims against the drug companies to a jury (the so-called "trial-within-a-trial" or "case-within-a-case" method) in order to prove the elements of causation and damages from defendant's alleged misconduct. As shall be explained, the court finds that Missouri law does not require, as a legal prerequisite, proof by a trial-within-a-trial method and that the record before the court is insufficient at this stage for the court to make any decision regarding the adequacy of plaintiffs' proof of damages and causation, regardless of which method of proof plaintiffs employ.[1]

I. BACKGROUND

This court has diversity jurisdiction to decide these cases. It is agreed that the state law of Missouri must be applied.

Plaintiffs' motion states that defendant represented them and other persons in 240 cases related to Courtney and the drug

---

[1] Defendant has requested oral argument upon plaintiffs' motion. Upon due consideration, the court is not convinced that oral argument would be of material benefit. Therefore, the request for oral argument shall be denied.

companies, and that he represented a plaintiff named Georgia Hayes in a case which was scheduled for trial in October 2002. After jury selection in Hayes' case, a Global Settlement Agreement ("GSA") was negotiated between defendant and counsel for the drug companies. An amount of $75 million was stipulated in the agreement to settle all pending cases, including the Hayes case, and cases that had not yet been filed. The trial of the Hayes case continued against Courtney and a jury returned a verdict of $225 million in actual damages and $2 billion in punitive damages.

Plaintiffs emphasize that they are not alleging negligence or misconduct in the "litigation" phase, only in the settlement phase. They assert that defendant did not make adequate disclosures regarding the GSA and did not involve plaintiffs in the settlement process. They claim that they were coerced and required to sign releases without knowing how much money they would get in return or how other settlement participants would be compensated. Plaintiffs assert that the GSA violated the aggregate settlement rule found in Rule 4-1.8(g) of the Supreme Court Rules governing the Missouri Bar and the Judiciary.

Plaintiffs' motion is an effort to obtain a preliminary ruling regarding what method of proof is not required in order for plaintiffs to establish damages and causation. Plaintiffs allege that defendant's misconduct resulted in a loss of

settlement value. Plaintiffs state that they "intend to prove damages and causation with objective evidence of the strength of the underlying case, the drug companies' opinions of their damage exposure, expert opinions on valuation of the case and its settlement value, and examples of the settlement of cases that actually began trial." Doc. No. 210, p. 1. What plaintiffs desire from this court is a ruling that plaintiffs are not required to conduct a trial of the underlying claims against the drug companies within the trial against defendant Davis, as is often done in legal malpractice cases, in order to establish that defendant's alleged malfeasance caused a loss of settlement value. Plaintiffs contend a determination that plaintiffs would have prevailed upon their claims if they had been tried against the drug companies and an estimate from a jury of the judgment value of those claims, is not required to determine whether defendant caused a loss in the settlement value of plaintiffs' claims.

As stated, we find that there is no hard and fast rule in Missouri which would require in these cases that plaintiffs employ the trial-within-a-trial method of proving causation and damages. We reach this decision for the following reasons.

II.  THE ELEMENTS OF PROVING PLAINTIFFS' CLAIMS DO NOT MAKE TRIAL-WITHIN-A-TRIAL PROOF A LEGAL PREREQUISITE.

5

Missouri case law does not state that a trial-within-a-trial approach to proving causation and damages is an element of proof in cases alleging attorney misconduct. The elements have been listed in various forms. See, e.g., Nail v. Husch Blackwell Sanders, LLP, 436 S.W.3d 556, 561 (Mo. 2014)[2]; Selimanovic v. Finney, 337 S.W.3d 30, 35 (Mo.App. 2011)[3]; London v. Weitzman, 884 S.W.2d 674, 677 (Mo.App. 1994).[4] None of the listings require proof that a plaintiff litigate all of the issues in an underlying claim in the case against the plaintiff's former attorney. Sometimes, it is stated that proof must be shown that but for an attorney's conduct, the client would have been successful in the prosecution of the underlying claim. See Nail, supra; Coin Acceptors, Inc. v. Haverstock, Garrett & Roberts, LLP, 405 S.W.3d 19, 24 (Mo.App. 2013). But, a significant settlement can be considered a successful end to litigation. So, the court finds that proof that a substantial settlement would have been achieved in the absence of an attorney's misconduct will satisfy that requirement. Indeed, in

---

[2] In Nail, the elements are listed as follows: "'1) that an attorney-client relationship existed; 2) that the defendant acted negligently or in breach of contract; 3) that such acts were the proximate cause of the plaintiff['s] damages; [and] 4) that but for defendant's conduct the plaintiff[] would have been successful in prosecution of their underlying claim.'" (Quoting Donahue v. Shughart, Thomson & Kilroy, P.C., 900 S.W.2d 624, 626 (Mo. banc 1995)).

[3] In Selimanovic, the elements were listed as follows: "'(1) an attorney-client relationship; (2) negligence or breach of contract by the defendant; (3) proximate causation of plaintiff's damages; (4) damages to the plaintiff.'" (Quoting Klemme v. Best, 941 S.W.2d 493, 495 (Mo. banc 1997)).

[4] In London, the court listed the elements as: "1) that the defendant lawyer was negligent . . .; 2) that plaintiff sustained some loss or injury; and 3) a causal connection between the negligence and the loss."

Nail, 436 S.W.3d at 562, the court described the necessary proof as "the difference between what the result would have been [absent the alleged misconduct] and what it was," and does not mention the absence of trial-within-a-trial proof as grounds for finding that causation was not established in that case. This is probably because the alleged malpractice in Nail did not involve the litigation of a claim to judgment. Instead, it involved advice (or lack thereof) regarding the exercise of stock options and the drafting of a settlement agreement (as also alleged in the cases at bar).

Since trial-within-a-trial proof is not an explicit element of plaintiffs' claims according to Missouri law, the court believes the type of proof plaintiffs employ to prove the elements of their claims should be limited only by the rules of evidence. This is consistent with comments from other sources which describe "trial within a trial" as a method of proof as opposed to an element of proof. See Viner v. Sweet, 30 Cal.4th 1232, 1240 n.4 (Cal. 2003); see also, John H. Bauman, "Damages for Legal Malpractice: An Appraisal of the Crumbling Dike and The Threatening Flood," 61 TEMPLE L. REV. 1127, 1133 (1988)(stating that the trial-within-a-trial "method" of proof "is at best one method of trying to estimate the loss caused by the malpractice").

7

The common thread to the elements listings is a requirement of proof of damages and causation. These are elements which require proof to a jury.  See <u>Williams v. Preman</u>, 911 S.W.2d 288, 295 (Mo.App. 1995)(discussing the submission of damages and proximate cause issues to the jury); <u>Lange v. Marshall</u>, 622 S.W.2d 237, 238 (Mo.App. 1981)("the question of proximate cause is usually for the jury, and [only] in rare cases and under clear and compelling circumstances, the question becomes one of law for the court").  The court may step in to avoid speculation and conjecture.  <u>Nail</u>, 436 S.W.3d at 563; <u>Coin Acceptors, Inc.</u>, 405 S.W.3d at 24.  But, at this stage in the proceedings, the record before the court does not permit such a judgment.

III. MISSOURI CASES HAVE PROCEEDED WITHOUT TRIAL-WITHIN-A-TRIAL PROOF AND RESTATEMENT AUTHORITY SUPPORTS THIS PROCEDURE.

The second reason for the court's finding that trial-within-a-trial proof is not a legal prerequisite in Missouri is that Missouri courts have not required this method in some cases involving settlements.  For example, in situations where property settlements were reached in divorce actions and later malpractice actions claimed that the settlements were mishandled, courts have approved expert testimony regarding the settlement value of the cases in the form of opinions concerning the normal and fair division of marital property.  <u>London</u>, 884 S.W.2d at 677-78; <u>Baldridge v. Lacks</u>, 883 S.W.2d 947, 953

8

(Mo.App. 1994). The Restatement (Third) of Law Governing Lawyers § 53 Comment b (2000) also provides that a malpractice plaintiff "may recover without proving the results of a trial if the party claims damages other than the loss of a judgment." There is logic to this comment since the result of a trial within a trial is an estimation of judgment value which is of limited utility in deciding the issues raised by plaintiffs here: i.e., the settlement value of the cases; whether defendant's conduct caused a loss of settlement value to plaintiffs; and what kind of settlement the drug companies would have entered.

IV. CASES CITED BY DEFENDANT IN OPPOSITION TO PLAINTIFFS' MOTION ARE DISTINGUISHABLE.

Defendant argues on the basis of several cases that trial-within-a-trial proof is required under the facts proffered here. The court disagrees.

One case cited by defendant is <u>Novich v. Husch & Eppenberger</u>, 24 S.W.3d 734 (Mo. App. 2000). In <u>Novich</u>, the plaintiff was a defendant in a case alleging damages under a lease. A default judgment was obtained against the plaintiff in the underlying case. The default judgment was set aside, but the plaintiff lost at trial and judgment was entered against him on the damages claim. In his malpractice suit, the plaintiff asserted that he was not aware that counsel accepted service on

his behalf, entered an appearance, and then withdrew, leading to the default judgment. The plaintiff claimed he missed out on the chance to settle the case on terms extended to other persons on the lease. The plaintiff did not deny liability on the underlying claim. He merely alleged that he would have obtained a better settlement, compared to the trial judgment, had he known that the attorneys he was suing had withdrawn as his counsel in the underlying case. The court rejected the claim, first, on the grounds that plaintiff did not prove his defense to the case would have been successful absent the alleged malpractice, and second, because plaintiff's claim that a more favorable settlement would have occurred absent the alleged negligence was speculative and inconsistent with other evidence. The cases at bar are distinguishable because plaintiffs do allege they would have obtained favorable judgments at trial and it is undisputed that plaintiffs obtained substantial settlements indicating the potential merit of their claims. Therefore, this is not a situation involving litigants attempting to shift liability for a judgment onto their attorneys or their opponents' attorneys, nor does it appear to be a situation in which plaintiffs are seeking compensation from their attorney for the settlement value of a baseless claim. The claims in Novich were also rejected because they were considered speculative. At this stage, the court cannot

determine whether the evidence of damages and causation to be advanced by plaintiffs is speculative.  In sum, Novich does not state a requirement that the proof of success at trial must be demonstrated by a trial-within-a-trial method in order for plaintiffs to prove loss of settlement value.

Defendant also relies upon language contained in Day Advertising, Inc. v. DeVries & Associates, P.C., 217 S.W.3d 362, 367 (Mo.App. 2007)("Day").  In Day, the plaintiff sued its attorneys after reaching a settlement upon employment contract claims filed on behalf of the plaintiff against a former employee.  The plaintiff alleged that it would have recovered liquidated damages against the employee at a trial if not for the attorneys' negligence.  The attorneys prevailed because they established that there were affirmative defenses which would have prevented recovery upon the liquidated damages claim.  The court held that, "'because the alleged damages are based on the resolution of the underlying action …. the plaintiff [had to] prove a "case within a case,"'" which the plaintiff failed to do.  Id. at 367 (quoting Williams v. Preman, 911 S.W.2d 288, 294 (Mo.App. 1995)).  Unlike the situation in Day, the cases before the court are not alleging damages based on the resolution of the underlying actions.  Plaintiffs are not alleging damages based on the judgment value of their claims against the drug companies.  They are alleging damages based on an alleged loss

11

of the settlement value of their claims against the drug companies. Furthermore, it is not evident on this record that there were affirmative defenses to plaintiffs' claims which apparently could not be overcome as in Day.[5]

Defendant also cites language in Williams, 911 S.W.2d at 297, for the proposition that if the underlying action is settled, "the plaintiff must show what would have happened if the adversarial action had been tried rather than settled." Doc. 229 at p. 19. This language was employed in the context of "[w]hen a plaintiff has compromised an underlying claim, after having notice of the attorney's alleged negligence . . ." because in that situation "a factor of speculation has been _voluntarily_ introduced by the plaintiff which requires justification." Id. (emphasis in the original). The context is different in the instant cases. No one asserts that plaintiffs were aware of defendant's alleged negligence and misconduct before settling their claims with the drug companies. Thus, plaintiffs did not voluntarily introduce a factor of speculation as to the issues of causation and damages. The court in Williams mentioned this as a distinguishing factor in the London and Baldridge cases where expert testimony was allowed regarding

---

[5] The court in Day determined that the plaintiff had not preserved its objection to the affirmative defense issue and therefore the court was only reviewing the point to determine whether the claim established substantial grounds for believing that a manifest injustice or miscarriage of justice had resulted. Id. at 366.

12

the range of a fair and equitable property distribution that may have resulted without the alleged ill-advised settlements.[6]  Id.

## V. PUBLIC POLICY FAVORING SETTLEMENTS DOES NOT REQUIRE TRIAL-WITHIN-A-TRIAL PROOF IN THESE CASES.

The court is persuaded that Missouri public policy does not require the employment of the trial-within-a-trial method of proof in these cases.  Defendant has alleged that plaintiffs' proposed approach would be contrary to the public policy in favor of settlements.  But, a general appeal to pro-settlement public policy was overruled in Baldridge, 883 S.W.2d at 952. This issue was also mentioned in Collins v. Missouri Bar Plan, 157 S.W.3d 726, 735 (Mo.App. 2005) where the court observed that "settlements do not preclude damage claims" in malpractice cases.  The court further commented that:  "Although a settlement of an underlying lawsuit injects some speculation into a claim for attorney malpractice, it does not preclude a plaintiff from proving malpractice so long as the plaintiff can establish a causal link between the alleged negligence and any loss incurred."  Id.  The court did not state that a trial within a trial was required to establish the causal link and noted that expert testimony from someone with long experience in the adoption issues at play in that case was sufficient to advance the malpractice claim beyond summary judgment where

---

[6] Similar expert testimony appears to have been rendered in Bross v. Denny, 791 S.W.2d 416, 421 (Mo.App. 1990).

plaintiff's obligation was to "'prove that the settlement was necessary to mitigate . . . damages'" . . . "or 'that plaintiff was driven to the necessity of settling because, if the case had not been settled, plaintiff would have been worse off.'" Id. at 735-36. The facts in this case are different from those in Collins, where the settlement was reached after the plaintiffs had knowledge of the alleged malpractice. But, the point remains that the public policy in favor of settlements does not prevent proof of damages and causation in a malpractice case, and, for reasons already explained, such proof does not necessarily have to be made by a trial-within-a-trial method.

VI. THE COURT SHALL NOT RENDER ANY RULING UPON CLAIMS OF SPECULATION.

Defendant argues that plaintiffs' motion should be denied because plaintiffs' proposed expert testimony regarding damages is speculative. As the court has already mentioned, under Missouri law, causation and damages are considered jury issues, but the court can draw the line against speculation and conjecture. At this time, the court does not believe the record is sufficient to make a decision upon defendant's contention. The argument might be better presented as a motion in limine or a motion for summary judgment.

14

VII.  CONCLUSION

Plaintiffs' motion for determination of method for proof of damage causation is granted to the extent that the court finds that the trial-within-a-trial method of proof is not a legal prerequisite under Missouri law for establishing claims of loss of settlement value.  This ruling is not a finding that plaintiffs' proof of damages and causation will be sufficient to prevail upon a summary judgment motion or at trial.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2014, at Topeka, Kansas.

s/ RICHARD D. ROGERS
Richard D. Rogers
United States District Judge